IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELO ROSARIO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-03643-E (BT) |
| | § | |
| MTC BLUEBONNET DETENTION | § | |
| CENTER, et al. | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Angelo Rosario's *pro se* complaint. ECF No. 3. For the following reasons, the Court should dismiss the complaint under Fed. R. Civ. P. 41(b).

## Background

Rosario filed a complaint alleging Defendants violated his civil rights under 42 U.S.C. § 1983. The Court gave Rosario leave to proceed *in forma pauperis*. ECF No. 7. And the order granting *in forma pauperis* status provides that "Plaintiff shall notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk. Failure to file such notice may result in the case being dismissed for want of prosecution." ECF No. 7 at 2.

On April 12, 2022, the Court issued Rosario a Magistrate Judge Questionnaire (MJQ) so that he could clarify his claims. *See* ECF No. 9. On

April 27, 2022, the Court's MJQ to Rosario was returned as undeliverable. *See* ECF No. 10. Rosario has failed to provide the Court with any alternative address.

## Legal Standards and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Rosario has failed to comply with the Court's order to keep the Court apprised of his current address. The Court needs additional information from Rosario to screen his complaint. And the Court has attempted to elicit this information through an MJQ, but the MJQ was returned as undeliverable. This litigation cannot proceed until Rosario provides the Court with his current address and completes the MJQ. Accordingly, the complaint should be dismissed under Fed. R. Civ. P. 41(b).

## Conclusion

The Court should dismiss the complaint without prejudice under Fed. R. Civ. P. 41(b).

2

Signed May 18, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).